# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3256

_____

United States of America

*Plaintiff - Appellee*

v.

Jeffrey Charles Rodd

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 15, 2015
Filed: June 26, 2015

_____

Before RILEY, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

A jury convicted Jeffrey Charles Rodd, an investment advisor who produced and was regularly featured on a Minnesota local radio show, "Safe Money Radio," of four counts of wire fraud under 18 U.S.C. § 1343 and one count of mail fraud under 18 U.S.C. § 1341, for swindling twenty-three investors out of over $1.8 million. As the owner and operator of his own investment company, Rodd used the radio show to market low-risk investment products—such as annuities of certain

insurance companies—to customers to gain their trust and maintain a client base for soliciting participants in a fraudulent investment scheme. Rodd solicited money for the scheme by enticing prospective investors with promises of liquidity, safety, and a 60% six-month return. Rodd instead used the money for personal and business expenses, hiding behind false assurances of security and payouts to his early investors.

Finding an advisory United States Sentencing Guidelines (guidelines or U.S.S.G.) range of 70 to 87 months (level 27, category I), the district court[1] sentenced Rodd to 87 months in prison. The district court applied a two-level enhancement for abusing a position of trust, see U.S.S.G. § 3B1.3, reasoning Rodd's position as an investment advisor, enhanced by the radio program and (to a lesser extent) his general reputation and his solicitation of his family, put Rodd in a position of trust with his victims. Rodd appeals, challenging the position-of-trust enhancement and arguing, for the first time, that the district court should have reduced his offense level for acceptance of responsibility, see U.S.S.G. § 3E1.1(a).

First, the district court did not clearly err in finding Rodd occupied a position of trust. See United States v. Anderson, 349 F.3d 568, 573 (8th Cir. 2003) (standard of review). As a self-employed investment advisor, Rodd was subject to no oversight except by his investors. See U.S.S.G. § 3B1.3, cmt. 1 ("[A] position of . . . private trust [is] characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference). Persons holding such positions ordinarily are subject to significantly less supervision than employees whose responsibilities are primarily non-discretionary in nature."). Rodd solicited money from investors, many of whom were existing clients, claiming he would use the funds to purchase discounted annuities for resale to insurance

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

companies at a sizable profit. The discretion and control he possessed over client funds adequately support the district court's finding. See, e.g., Anderson, 349 F.3d at 573-74 (affirming the application of the enhancement to an investment advisor who "persuaded . . . clients to exchange [their] investments for 'private tender offers'" in the advisor's company, giving "him complete discretion over client funds"); United States v. Shevi, 345 F.3d 675, 680 (8th Cir. 2003) (finding no clear error where defendant, "as trustee of social security benefits received by his minor niece and nephew," "had substantial discretion to invest or spend those funds, much like . . . a financial adviser with discretion to invest," making his embezzlement difficult to detect); United States v. Baker, 200 F.3d 558, 564 (8th Cir. 2000) (concluding the sentencing court did not clearly err in applying the enhancement where an insurance agent acquired "personal control over the[] premium payments" of elderly clients).

Second, the district court did not plainly err in failing to apply a two-level acceptance-of-responsibility reduction. See United States v. Wanna, 744 F.3d 584, 588 (8th Cir. 2014) (standard of review). Rodd took his case to trial and denied his guilt to the end, maintaining he had told no lies and misrepresented no facts. Although Rodd voiced remorse at sentencing and wanted to repay his victims' losses, the district court described his expressions as "more like . . . remorse that [he] got caught . . . and that [his] life has been ruined." The acceptance-of-responsibility reduction "is not intended to apply to a defendant" like Rodd, one "who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. 2; see also, e.g., United States v. Roggy, 76 F.3d 189, 194 (8th Cir. 1996) (affirming the denial of a reduction for fraudster who continued to deny having committed the fraud, despite his "expression of remorse"). Nor is this the "rare" case in which the "defendant clearly demonstrate[s] an acceptance of responsibility . . . even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1, cmt. 2 (explaining the reduction can be appropriate, for instance, where the trial is to

preserve issues unrelated "to factual guilt (e.g., to make a constitutional challenge to a statute . . .)").

We affirm.

_____